IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED

03 MAR 27 AM 10: 15

SERGIO P. ALAMA,

    Plaintiff,

v.       No. CIV-02-1521 MV/WWD

GARLAND JEFFERS,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint under 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appearing pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The required filing fee for this civil rights complaint is $150.00. Plaintiff will be required to pay the full amount of the filing fee pursuant to § 1915(b)(1). Based on the information about Plaintiff's financial status, the court finds that Plaintiff is unable to pay an initial partial payment pursuant to § 1915(b)(1). The IFP motion will be granted, and for the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the



allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that a number of inmates attacked Plaintiff, causing him serious injuries. He was given medical treatment, but no photographs of his injuries were taken. He has been kept in segregation since the incident, and he alleges that "nothing has bien [sic] done to resolve this issue."

No relief is available on Plaintiff's complaint. The allegation that Plaintiff was attacked and injured by other inmates does not state a claim under 42 U.S.C. § 1983.

> "A prison official's failure to prevent harm 'violates the Eighth Amendment only when two requirements are met.' First, the prison official's act or omission must be 'objectively, sufficiently serious'. . . . Second, the 'prison official must have a sufficiently culpable state of mind,' in this case 'deliberate indifference to inmate health or safety.' Deliberate indifference requires actual knowledge of the risk to inmate safety."

*Carter v. Padilla*, No. 02-2196, 2002 WL 31833688, at **1 (10th Cir. Dec. 18, 2002) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Curley v. Perry*, 246 F.3d 1278, 1282 (10th Cir.), *cert. denied*, 122 S. Ct. 274 (2001)). "In other words, the jailer is liable only if he or she 'knows of and disregards an excessive risk to inmate health and safety.'" *Craig v. Eberly*, 164 F.3d 490, 495-96 (10th Cir. 1998) (quoting *Farmer*, 511 U.S. at 837). Plaintiff's allegations do not implicate prison officials in the incident complained of, and the complaint will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed pursuant to 28 U.S.C. § 1915 is GRANTED, and the initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED without prejudice, and this action is DISMISSED.

_____
UNITED STATES DISTRICT JUDGE

2